IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-11-45-R |
| | ) | |
| BRIAN WILLIAM MCKYE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The United States of America caused a Continuing Writ of Garnishment to be issued to Oklahoma Credit Union (Doc. No. 384) and Focus Federal Credit Union (Doc. No. 385) on March 1, 2023. Focus Federal Credit Union filed an answer (Doc. No. 386); Oklahoma Credit Union has not filed an answer. Defendant Brian William McKye, appearing *pro se*, requests appointment of counsel (Doc. No. 389).

Although Defendant's criminal conviction precipitated these proceedings, his current attempt to challenge restitution and garnishment is effectively a civil matter as his objection is not based on his criminal conviction or sentence. *See United States v. Holcomb*, No. 08-20003, 2012 WL 4522788, at *1 (D. Kan. Oct. 2, 2012) (denying motion for appointment of an attorney to assist with a garnishment hearing); *see also United States v. Stefanoff*, 149 F.3d 1192 (10th Cir. 1998) (holding that an action was criminal in nature because the defendant's claims did not attack the garnishment proceeding but rather attacked his underlying conviction and sentence). Defendant does not have a right to counsel in civil actions. *See Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). A court may request counsel to represent an indigent party in a civil case,

however, pursuant to 28 U.S.C. § 1915(e)(1). *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). In deciding whether to appoint counsel, "the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991).

Here, other than state that he has complied with every United States Probation Office request, Defendant has not provided a legal or factual explanation as to why Plaintiff should not proceed with garnishment. Moreover, upon consideration of the factors outlined in *Long*, the Court finds that McKye has the ability to present his claims and that the legal issues raised by the claims are not so complex that they warrant appointment of counsel. 927 F.2d at 527. Additionally, McKye has not requested a hearing or addressed any of the grounds for objection to the garnishment that can be addressed at a hearing: (1) whether a valid claim for exemption is made on behalf of the Defendant; (2) whether the government complied with the statutory requirements for the issuance of the postjudgment remedy granted; and (3) if judgment is by default, the probable validity of the claim for the debt and any good cause for setting the judgment aside. 28 U.S.C. § 3202(d). Accordingly, the Court DENIES Defendant's request for appointment of counsel (Doc. No. 389).

**IT IS SO ORDERED** this 19th day of April 2023.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE