## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-11-45-R |
| | ) | |
| BRIAN WILLIAM MCKYE, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is Defendant's pro se letter [Doc. No. 450] requesting that he be transferred to a different facility to complete his sentence. However, the Court lacks jurisdiction to order the Bureau of Prisons to incarcerate Defendant in any particular location. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment…."); *Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program….But decisionmaking authority rests with the BOP.").

Accordingly, the Court is without authority to grant Defendant's request for a transfer and the request is therefore denied.[1]

IT IS SO ORDERED this 15th day of January, 2026.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Defendant seeks to challenge the conditions of his confinement, he must do so through an appropriate civil rights action.